UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| COURTNEY GARVIN PARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:23-cv-0184-TAV-SKL |
| LATOYIA CARPENTER, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

This case is filed pro se and without prepayment of fees by Plaintiff Courtney Garvin Partin, a prisoner at the Irwin County Detention Center. On June 8, Plaintiff's application to proceed *in forma pauperis* was granted, and the Clerk was directed not to issue process until after the complaint was screened as required by 28 U.S.C. §§ 1915A and 1915(e)(2) [Doc. 7]. The Plaintiff's complaint has now been screened and based on applicable standards, the complaint should be dismissed.

I.     **SCREENING STANDARDS**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen inmate complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are asserted against a defendant who is immune. *See* 28 U.S.C. §§ 1915A and 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's

behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). Pro se litigants "are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) (citations omitted) (dismissing case where plaintiffs raised "dozens of claims that [were] lacking in both supportive factual allegations and directed legal arguments").

## II. BACKGROUND

Plaintiff's claims arise out of his ongoing federal criminal proceedings, case no. 3:21-cr-00058, TAV-CRW. Originally, the criminal case was assigned to District Judge Crytzer and Magistrate Judge Poplin. Assistant United States Attorney Carpenter was the prosecutor.[1] Although Plaintiff is represented by counsel in his criminal case, he has filed several motions pro se, most of which have been denied pursuant to Eastern District of Tennessee Local Rule 83.4 ("Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, . . .") [*see, e.g.*, Doc. 26, Doc. 34, and Doc. 49]. On November 23, 2022, following a competency hearing, Plaintiff was found not competent to stand trial and committed to the custody of the Attorney General for treatment and evaluation.

Plaintiff subsequently retained new counsel for his criminal case, who entered an appearance on February 22, 2023. The Court conducted a status conference on Plaintiff's competency and restoration on April 12, 2023. On May 12, Plaintiff's criminal counsel requested 90 days to review discovery in the case and supplement or amend certain of Plaintiff's previously filed pro se motions. The Court granted the request and set another status conference for September 12, 2023.

---

[1] After being named as defendants in the instant case, Judge Crytzer and Judge Poplin recused themselves [Doc. 131 and Doc. 132] from the criminal proceedings. AUSA Carpenter was terminated as counsel of record in the criminal proceedings in April 2023.

2

In the instant civil lawsuit, Plaintiff asserts that the denial of the pro se motions in his criminal case constitutes a violation of his due process rights. He alleges AUSA Carpenter "disclosed the wrong person's discovery to all lawyers appointed to represent me and a mental [health] professional," and that he is "waiting on the hearing to dismiss for misconduct by AUSA [Carpenter]." [*Id.* at Page ID # 98-99]. He states Judge Crytzer "has had this case 2 years," and that, "for over a year," he has brought the issues with his pro se motions and AUSA Carpenter to the Court's attention [*Id.* at Page ID # 99]. He writes: "The misconduct and criminal act did against me by [AUSA Carpenter], Judge [] Poplin and Judge Crytzer and Rules of Court 83.4 denying pro se motions that state plainly this due process violation is deliberately indifferent to my 4th 5th 6th 8th 14th amendment rights to me." [*Id.*]. He seeks $20 million in damages and dismissal of his pending criminal case. He also includes the following request: "Don't let Local Rule 83.4 stop pro se motion filer from being heard." [*Id.*]. He indicates his claims are filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### III.  ANALYSIS

To the extent Plaintiff is attempting to assert claims against the defendants in their official capacities, such claims are not permitted under *Bivens*. "[B]ecause 'the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder,' *Karcher v. May*, 484 U.S. 72, 78 (1987), *Bivens* does not permit suits against government employees in their official capacities[.]" *Himmelreich v. Federal Bureau of Prisons*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (citation omitted) (affirming district court's dismissal of *Bivens* claims pursuant to PLRA, noting plaintiff sought "monetary damages and various forms of injunctive relief").

Judge Crytzer and Magistrate Judge Poplin are absolutely immune from suit because the allegations against them plainly arise out of the performance of their judicial functions, and the

3

complaint sets forth no facts to support a finding that either judge acted without jurisdiction. *See Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004))); *Johnson v. Edgar*, No. 2:14-CV-256, 2015 WL 869320, at *2 (W.D. Mich. Feb. 27, 2015) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978))); *see also Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (holding that "Magistrate Judge Merz was entitled to judicial immunity from Newsome's claim for monetary damages because he was performing his judicial functions and acted within his jurisdiction," and that "federal judges are immune from *Bivens* suits for equitable relief"). This applies to Plaintiff's request for monetary damages as well as his requests for injunctive relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) ("Absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive relief."); *see also Arnold v. Greeley*, No. 2:14-cv-58, 2014 WL 1878914, at *2 (W.D. Mich. May 12, 2014) (dismissing claim against federal magistrate judge).

Any individual capacity claims against AUSA Carpenter for monetary damages similarly should be dismissed. Federal officials "enjoy absolute immunity from civil liability related to their performance of 'prosecutorial' functions." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). To determine whether an official was engaged in a prosecutorial function, "courts must look to 'the nature of the function performed[.]'" *Koubriti*, 593 F.3d at 467 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "Functions that serve as an integral part of the judicial process or that are intimately associated with the judicial process are absolutely immune from civil suits," while "functions which are more investigative or

4

administrative in nature, because they are more removed from the judicial process, are subject only to qualified immunity." *Koubriti*, 593 F.3d at 467 (quotation marks and citations omitted).

Plaintiff accuses AUSA Carpenter of "disclos[ing] the wrong person's discovery to all lawyers appointed to represent me and a mental [health] professional." [Doc. 2 at Page ID # 98]. Exchanging discovery and evaluating evidence is certainly an integral part of the judicial process in any criminal case, and as discussed above, Plaintiff's mental health has been an ongoing issue in his criminal case. *See Koubriti*, 593 F.3d at 467 (holding federal officials have absolute immunity for "evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings," "preparation of witnesses for trial," and "non-disclosure of exculpatory evidence" (citations omitted)).

Moreover, Plaintiff's allegations, even if construed liberally and accepted as true, are insufficient to show that his constitutional rights were violated by any of the alleged defendants. "Sixth Circuit caselaw is clear that a criminal defendant does not have a constitutional right to 'hybrid representation.' A defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (citations omitted).

The alleged disclosure of the wrong person's discovery in Plaintiff's criminal case is the subject of a motion in that case, which will be addressed in due course [*see* Case No. 3:21-cr-00058-TAV-CRW, Doc. 129 at Page ID # 586-87 ("Counsel would ask for time to supplement this [filing] to address the implications of this incorrect discovery being provided on Mr. Partin's case and the extent to which the provision has affected the prosecution of this case to date."); Doc. 130 (granting request for time and setting status conference for September 12, 2023)]. The complaint does not set forth any further facts to support an inference that the alleged erroneous

5

Case 3:23-cv-00184-TAV-SKL    Document 8    Filed 06/14/23    Page 5 of 6    PageID #: 118

disclosure somehow violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth or Fourteenth Amendments to the United States Constitution.

Finally, while it is not clear whether Plaintiff has attempted to assert a speedy trial claim relating to his criminal proceedings, delay resulting from any examination of Plaintiff's competency is excluded, as is any delay resulting from Plaintiff's unavailability or mental incompetence. *See* 18 U.S.C. § 1361(h). Furthermore, *Bivens* "has never been extended to provide an alternate remedy to speedy trial violations[.]" *Alexander v. Carter*, No. 1:15-cv-69-HSM-SKL, 2018 WL 1124959, at *4 (E.D. Tenn. Mar. 1, 2018) (citation omitted); *Rockwell v. Adams*, No. 3:14-9190, 2014 WL 2779009, at *4 (S.D.W.V. June 19, 2014) (noting that the Speedy Trial Act "does not provide a separate private civil cause of action").

Given the obvious and incurable deficiencies with Plaintiff's claims, justice is not served by requiring Plaintiff to attempt to amend his complaint and immediate dismissal of all Plaintiff's claims is proper.

## IV. CONCLUSION

For the reasons stated herein, I **RECOMMEND**[2] that Plaintiff's case be dismissed in its entirety and this case be closed.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).